HERBERT S. HORTON, App't, *vs.* HERBERT E. MAINE.

PROVIDENCE—MAY 25, 1900.

PRESENT : Matteson, C. J., Stiness and Tilllinghast, JJ.

(1) *Fiduciary Relations. Guardian and Ward. Mortgagor and Mortgagee.*

A guardian cannot exercise the power of sale contained in a mortgage to the
guardian, executed by the ward prior to the guardianship, and purchase
the mortgaged property at the sale. The relations of guardian and mort-
gagee are antagonistic to one another, and the law will not consider whether
or not such a sale in such circumstances is fair or otherwise. This rule of
law is not modified by Pub. Laws R. I. cap. 1011 relaxing the rule that a
trustee cannot purchase at his own sale.

APPEAL from decree of Municipal Court of Providence to
the Common Pleas Division allowing account of defendant as
guardian of plaintiff. The facts were these. The defendant
had been appointed guardian of the person and estate of the
plaintiff, a person of full age. Prior to the appointment as
guardian, the plaintiff had mortgaged to the defendant a
stock of goods in his store. During the period of the guard-
ianship the defendant, as mortgagee, took possession of the
mortgaged property, foreclosed the mortgage, and purchased
the property at the sale. Heard on petition of appellant for
a new trial, and new trial granted.

(1)  PER CURIAM. The exceptions which are in part the basis
of the petition for a new trial raise the question whether the
guardian of a person can exercise the power of sale contained
in a mortgage to the guardian, executed by the ward prior to
the guardianship, and purchase the mortgaged property at the
sale. We think the question must be answered in the nega-
tive. The interests of a mortgagee are adverse to those of
the mortgagor, and hence when the mortgagee is appointed
guardian of the mortgagor his relation as guardian is ad-
verse to that as mortgagee. His duty as guardian is to see
that the power of sale in the mortgage is fairly exercised
and that the mortgaged estate is not sacrificed. To permit

a mortgagee to exercise the power of sale in a mortgage given by the ward before the guardianship would deprive the estate of the ward of the very protection which it is the purpose of the guardianship to afford, while at the same time a temptation might be presented to the mortgagee to conduct the sale in his own interest rather than in the interest of the ward and to purchase the property at a sacrifice, directly or indirectly, for his own benefit. Such a liability the law will not tolerate, and therefore it does not permit the same person to occupy two antagonistic relations from which a possible conflict of duty may arise, and will not stop to consider whether or not a sale in such circumstances in a particular instance is fair or otherwise. *Perkins* v. *Se Ipsam,* 11 R. I. 270; *Spelman* v. *Terry,* 8 Hun. 205; *Rogers* v. *Rogers,* 3 Wend. 503; *Froneberger* v. *Lewis,* 79 N. C. 426; *Jamison* v. *Glascock,* 29 Mo. 191; *Tennant* v. *Trenchard,* L. R. 4 Ch. App. 537.

The statute, Pub. Laws R. I. cap. 1011, in force when the sale was made, relaxed the rule that a trustee cannot purchase at his own sale so far as to permit a mortgagee to bid on and purchase the mortgaged property in a sale thereof in good faith under the power in a mortgage by giving to the mortgagor due notice of his intention, so that the mortgagor may be prepared to protect his interests under the sale. The modification of the rule ought not to be extended to a case like the present, in which the mortgagor is under guardianship and his guardian is the mortgagee. *Galvin* v. *Newton,* 19 R. I. 176, 178, 179.

New trial granted, and case remitted to the Common Pleas Division for further proceedings.

*Miller & Carroll,* for appellant.

*David S. Baker and Wilson & Jenckes,* for appellee.